UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAMONA A. SERRANO,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant.<br>_____ | No. EDCV 06-458 FFM<br><br>MEMORANDUM OPINION |

Plaintiff filed a complaint on May 17, 2006, seeking review of the Commissioner's denial of plaintiff's application for disability insurance benefits and supplemental security income payments. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. In accordance with the Court's Case Management Order filed May 24, 2006, the parties filed a joint stipulation on March 23, 2007. This matter is now ready for decision.

This memorandum opinion shall constitute the Court's findings of fact and conclusions of law.

**DISPUTED ISSUES**

1) Whether the ALJ complied with the order of the Appeals Council requiring him to properly consider the plaintiff's subjective complaints;

///

2)     Whether the ALJ properly considered the opinion of the consultative physician; and

3)     Whether the ALJ posed a complete hypothetical question to the vocation expert.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

1. <u>The ALJ Failed to Properly Evaluate Plaintiff's Subjective Symptoms.</u>

The hearing in this matter was held after the Appeals Council had remanded a prior unfavorable determination. With respect to plaintiff's subjective complaints, the Appeals Council found that the original decision did not provide sufficient rationale for disbelieving plaintiff's testimony. The Appeals Council order cited Social Security Ruling 96-7p and specified various factors the decision should consider. In this regard, the decision stated:

///

2

> The [ALJ's] decision must also consider the following factors: the intensity, persistence and limiting effects of the alleged symptoms; prior work record; daily activities; the location, duration, frequency, and intensity of pain or other symptoms precipitating and aggravating factors, and the type, dosage, effectiveness and side effects of medication. . . .

AR 66.

After the ensuing hearing, the ALJ's decision supported the rejection of plaintiff's testimony as follows:

> At the hearing on November 18, 2005, the claimant's testimony was the same as before and she asserted: pain in the upper extremities, back, and legs. She complained of poor sleep, headaches, and asthma. The claimant drives but has no vehicle, takes the bus around town, and uses a cane (for which there is no medical justification by way of limited motion, spasm, or neurological deficits). The claimant's self-assessment was that she could walk 20 minutes, lift a purse, and sit 20 minutes. There is no medical report or record that supports these limitations. The claimant lives by herself and takes care of all self-help activities and there is no evidence of any limitations on her activities of daily living. The claimant is obese but despite it, she retains adequate mobility and said that she had been her current weight since her hysterectomy seven years ago. The claimant was able to engage in substantial gainful activity despite her obesity, which was not noted to be anything other than exogenous.

AR 13-14.

The ALJ accepted the opinion of the consultative examiner, Dr. Jamil, who assessed plaintiff's residual functional capacity as lifting and/or carrying ten pounds frequently and twenty pounds occasionally, standing and/or walking for four hours with frequent rests out of an eight hour period, and sitting for six hours. Although this

///

assessment impliedly rejected plaintiff's assertions of pain, Dr. Jamil did not expressly address any limitations relating to plaintiff's pain assertions.

In rejecting plaintiff's testimony regarding her limitations, the ALJ implicitly rejected her assertions of pain. However, the decision does not contain the analysis required by the Appeals Council's order. In remanding the case, the Appeals Council specifically ordered that any subsequent decision consider "the intensity, persistence and limiting effects of the alleged symptoms . . . [along with] the location, duration, frequency, and intensity of pain or other symptoms precipitating and aggravating factors . . . ." (AR 66). The ALJ's decision fails to comply with this order and must be remanded.

2. <u>Whether the ALJ Properly Considered the Opinion of the Consultative Physician</u>.

In his decision, the ALJ specifically accepted Dr. Jamil's report. The ALJ relied on the narrative portion of Dr. Jamil's report, in which Dr. Jamil found that out of an eight hour period, plaintiff could stand and/or walk for four hours with frequent rests and sit for six hours. (See AR 13). However, plaintiff contends that the ALJ ignored other limitations found by Dr. Jamil. In this regard, Dr. Jamil completed a Medical Source Statement of Ability to Do Work Related Activities (Physical) ("Medical Source Statement") and attached it to his narrative report. (See AR 253-56). In the Medical Source Statement, Dr. Jamil checked boxes on the form with respect to exertional limitations. Under Paragraph 2, Dr. Jamil checked the box "yes" that standing and/or walking was affected by plaintiff's impairments. Dr. Jamil further checked the box "at least 2 hours in an 8-hour workday" in response to the question: "how many hours total (with normal breaks) can the individual stand and/or walk?" (AR 253). Plaintiff contends that this finding is inconsistent with Dr. Jamil's narrative report. Plaintiff's contention is without merit.

In his narrative report, Dr. Jamil found that plaintiff could stand and/or walk for four hours. The Medical Source Statement form did not include a box for four hours. The next choice available to Dr. Jamil was "about six hours in an eight hour workday."

4

1 Hence, by stating that plaintiff could stand and/or walk "at least two hours in an eight
2 hour workday," Dr. Jamil clearly indicated that plaintiff could stand and/or walk at least
3 two but less than six hours. Therefore, there is no inconsistency in Dr. Jamil's report.
4 However, plaintiff is correct that the ALJ ignored a further limitation found by Dr.
5 Jamil. Although not mentioned in his narrative, Dr. Jamil indicated on the Medical
6 Source Statement that plaintiff is limited in pushing and/or pulling in both the upper and
7 lower extremities. (AR 254). Although the form asks for a description of the nature and
8 degree of the limitation, Dr. Jamil left that portion blank. The ALJ did not reject this
9 finding, he simply ignored it. This additional finding should be address on remand.

3. <u>Whether the ALJ Posed a Complete Hypothetical Question to the Vocational Expert.</u>

Although Dr. Jamil found that plaintiff was limited in pushing and/or pulling in both the upper and lower extremities, this limitation was not included in the hypothetical posed to the vocational expert. Therefore, remand also is required to enable the ALJ to pose a complete hypothetical to the vocational expert.

**ORDER**

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), it is ordered that judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

DATED: September 25, 2007

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

5